

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2005

# Germenji v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1531

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Germenji v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1062.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1062

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No:04-1531

SILVANA GERMENJI;
ROXHERSI GERMENJI, Minor Child,

Petitioners

v.

ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA,

On Appeal from the Immigration and Naturalization Service
District No: A78-191-374

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 5, 2005

Before: McKee, Smith, Van Antwerpen, Circuit Judges

OPINION

(Filed:  June 7, 2005)

McKee, Circuit Judge.

Silvana Germenji appeals the decision of the Board of Immigration Appeals for

herself and her minor child. The BIA affirmed the decision of an Immigration Judge

denying their request for asylum and withholding of removal.   For the reasons that

follow, we dismiss the petition for review.

The BIA's opinion must be upheld if it is supported by substantial evidence on the

1

record. *Abdille v. Ashcroft,* 242 F.3d 477, 483 (3d Cir. 2001). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Senathirajah v. INS,* 157 F.3d 210, 216 (3d Cir. 1998). We will uphold the BIA's determination "unless any reasonable adjudicator would be compelled to conclude to the contrary". 8 U.S.C. §1252 (b)(4)(B).

An alien moving for asylum or withholding of removal must establish that she is a "refugee."8 C.F.R. §208.13(a). "Refugee," is defined as:

> Any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. §1101(a)(42)(A).

The "well founded fear" requirement is satisfied by establishing a subjective fear supported by an objectively real possibility of persecution upon the return to one's native country. *INS v. Cardoza-Fonseca,* 480 U.S. 421, 430-31(1987). If an alien successfully demonstrates past persecution, we will presume a well founded fear of future persecution absent evidence of changed circumstance. However, that presumption is rebuttable. 8 C.F.R. §208.13(b)(1).

Here, the BIA concluded that Germenji had not satisfied her burden of establishing

2

past persecution because of any protected classification or trait. A.R. 9. The BIA concluded that petitioners' evidence did not support the required nexus between the threats, harassment or attempted kidnaping and Germenji's political opinion or membership in a social group. *INS v. Elias-Zacarias,* 502 U.S. 478, 483 (1992). That conclusion is supported by substantial evidence.

Germenji claimed that she suffered past persecution on account of her husband's failure to refrain from investigating the perceived irregularities in the tax records of "Magjik Bingo" and that he was warned that the company had ties to leaders of the Socialist Party. However, the evidence that Germenji offers in support of her request for relief is insufficient to connect the mistreatment she suffered upon returning to Albania to the Albanian government or groups the government either controls or is unable to control. Rather, it is just as likely that Germenji was accosted and threatened by agents of Magjik Bingo without instigation of, or inaction by, representatives of the government.

The BIA's determination that Germenji did not establish a fear of persecution based upon family associations (the "social group") is also supported by substantial evidence. Germenji's social group claim hinges on an attack she experienced in August 2000. She testified that one of the attackers yelled, "We warned your husband that we are watching and that we do no forget anything...Tell him to be careful!" In *Fatin v. INS*, 12 F.3d 1233, 1238-39 (3d Cir. 1993), this Court adopted the definition of "particular social group" set out in *Matter of Acosta,* 19 I. & N. Dec. 211, 233 (BIA 1985), wherein the

BIA stated that persecution on account of an individual's "kinship ties". Here, Germenji's testimony seems to establish mistreatment on account of her kinship ties with her husband. However, as noted, she did not establish a connection between this mistreatment and the Albanian government or groups the government is unable or unwilling to control.

Withholding of removal requires that the applicant demonstrate by a "clear probability" she will be subject to persecution on account of race, religion, nationality, membership in a particular social group, or political opinion upon return to her native country. *INS v. Stevic,* 467 U.S. 407, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). Since this is a higher standard than required for asylum, Germenji's claim for withholding of relief falls with her asylum claim. *Lukwago v. Ashcroft,* 329 F.3d 157, 182 (3d Cir. 2003).

We therefore must dismiss Germenji's petition for review.

—————

4